UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APPLICATION OF FOURTEEN PRESS ORGANIZATIONS FOR ACCESS TO SEALED SEARCH WARRANT RECORDS | Case No. 1:26-mc-00144 (JEB) |
| IN RE APPLICATION OF THE NEW YORK TIMES COMPANY IN THE MATTER OF REP. ILHAN OMAR INVESTIGATION | Case No. 1:26-mc-00145 (JEB) |
| IN THE MATTER OF THE SEARCH OF ILHAN OMAR'S WASHINGTON, D.C. RESIDENCE | Case No. 1:26-mc-00147 (JEB) |

**MOTION TO SEAL AND TO FILE *EX PARTE* THE UNITED STATES OF AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PENDING REQUESTS TO ACCESS SEALED SEARCH WARRANT RECORDS, AS WELL AS THE ATTACHMENTS THERETO**

The United States of America, by and through counsel, hereby submits this Motion to Seal and to File *Ex Parte* its Memorandum in Support of a Motion for an Extension of Time, as well as the attachments thereto, in accordance with *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). The United States conferred with applicants' counsel concerning this motion. Judicial Watch, Inc. does not oppose this motion. The other two applicants do oppose it.

**BACKGROUND**

Three applications were filed by the New York Times, 14 press organizations, and Judicial Watch seeking to unseal the pleadings, transcripts and other items associated with the federal search warrant for the personal residence of Congresswoman Ilhan Nur Said Elmi, a/k/a Ilhan Abdullahi Omar (the "Subject"). *See* Case Nos. 1:26-mc-00144 (14 press organizations), 1:26-mc-00145 (New York Times Company), 1:26-mc-00147 (Judicial Watch, Inc.).

The court set two different deadlines for the United States to respond to these applications even though each application contains similar arguments in support of unsealing. Because to support its motion the United States needs to provide information that should not be public at this time, it respectfully requests that it be able to file a memorandum of law, along with the attachments thereto, under seal and *ex parte*. At an appropriate future time, the Court may revisit the sealing and *ex parte* treatment of those materials.

**ARGUMENT**

In *Hubbard*, the D.C. Circuit analyzed several factors to determine whether sealing is appropriate. Those factors are:

(1) The need for public access to the documents at issue;

(2) Public use of the documents (whether the public has already had access to court records in a given case);

(3) The existence of objection to sealing and the identity of those objecting to sealing or disclosure;

(4) The strength of the generalized property and privacy interests asserted;

(5) Possibility of prejudice; and

(6) The purpose for which the documents are introduced.

*Hubbard*, 650 F.2d at 317-24.

The Court has the inherent power to seal court proceedings and filings when appropriate. *Id.* at 315–16 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)); *see also, e.g.*, *In re Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256, 1257 (9th Cir. 1979) (finding that the court has inherent power to seal search warrant affidavits). Such sealing is within the sound discretion of the District Court. *See Nixon*, 435 U.S. at 598 (common-law right to inspect and copy judicial records is not absolute, but the decision whether to permit access is best left to the sound discretion of the trial court in the light of the relevant facts and circumstances of the particular

case). The six-factor test outlined in *Hubbard* "has consistently served as our lodestar" by "ensur[ing] that we fully account for the various public and private interests at stake," *MetLife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017), in evaluating motions to seal or to unseal judicial records. *See also In re Application of Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, 964 F.3d 1121, 1129–30 (D.C. Cir. 2020) (explaining that, unless Congress has spoken directly to the issue at hand, the common-law standard enshrined in the *Hubbard* balancing test governs sealing decisions).

Here, the *Hubbard* factors weigh strongly in favor of sealing the memorandum and its attachments, as the entire search warrant proceeding is currently under seal. The United States has an interest in keeping certain investigative steps under seal during its active investigation, because, as discussed in the memorandum of law, premature disclosure of details of the investigation could impair it, diminish the availability of evidence, or cause witnesses to alter their testimony. The likelihood of prejudice to the investigation and to the public that would result from public release of these materials at this time accordingly is very high.

The general provision of secrecy accorded by the law to criminal proceedings at the investigatory stage "is necessarily broad" and underscores the need to refrain from public disclosure of the requested materials at this time. *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 869 (D.C. Cir. 1981); *see, e.g.*, *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979) ("First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as inducements. There also would be a risk that those about to be indicted would flee, or

would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule."); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (Federal Rule of Criminal Procedure 6(e) safeguards "the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like").

Moreover, the Subject may very well wish to keep these materials under seal. It is unknown what her position is and this weighs in favor of sealing at this time.

To date, notwithstanding public speculation, details of the investigation that are provided in the memorandum of law and its attachments have not been available to the public.

Although the applicants may contend that there is a public interest in immediately knowing details of the investigation at this early date because the Subject is a Member of the House of Representatives who is standing for reelection in a few weeks, the public has an even stronger interest in ensuring that investigations are able to proceed in a manner that does not imperil their effectiveness through premature, mid-stream disclosures of an investigation's details.

Because the *Hubbard* factors favor sealing, the United States respectfully requests that the Court grant the instant motion to seal and to allow the memorandum of law to be filed *ex parte.* The United States agrees that at some point in the future, some or all of these materials may be appropriate for unsealing, just not now.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court enter an Order sealing the Memorandum of Law and its attachments and allowing them to be filed *ex parte*.

Dated: October 21, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*s/ Peter Pfaffenroth*
PETER PFAFFENROTH
Chief, Civil Division
D.C. Bar No. 496637
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-2513
Email: peter.pfaffenroth@usdoj.gov

*s/Alessandra P. Serano*
ALESSANDRA P. SERANO
Associate Deputy Attorney General
U.S. Department of Justice
Email: Alessandra.serano2@usdoj.gov

*s/ G. A. Massucco-LaTaif*
G. A. MASSUCCO-LATAIF
Chief, Criminal Division
PA Bar Number 70718
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7066
Email: George.Massucco@usdoj.gov